UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JONATHON T. TOLLISON,

    Plaintiff,

v.

BETUS,

    Defendant.

Case No. 4:22-cv-00133

**COMPLAINT**

**NOW COMES** Plaintiff, JONATHON T. TOLLISON, by and through his undersigned counsel, complaining of Defendant, BETUS, as follows:

**NATURE OF ACTION**

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. JONATHON T. TOLLISON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

9. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

10. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

11. BETUS ("Defendant") is an online gambling company and maintains its principal place of business in Inglewood, California.

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6054.

15. At all times relevant, Plaintiff's number ending in 6054 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. In October 2021, Plaintiff signed up for Defendant's online gaming services.

18. As Plaintiff was utilizing the services, he noticed during a Blackjack game that illegal hand signals were being used.

19. Plaintiff contacted Defendant and requested a refund of $3,100.00. Plaintiff also discontinued to use the online gaming services.

20. In November 2021, Plaintiff received his refund of $3,100.00 from Defendant.

21. Shortly after receiving the refund, Plaintiff started to receive telephone calls from Defendant in late November 2021.

22. Upon answering the telephone call, Plaintiff was informed that Defendant was seeking to collect on an alleged past due balance of $3,100 ("subject debt").

23. Furthermore, Defendant informed Plaintiff that if he did not pay the subject debt that he would be sent to collections.

24. Upon hearing this, Plaintiff requested that Defendant stop calling him as he has already been refunded.

25. Despite Plaintiff's specific request, Defendant continued to place numerous calls to Plaintiff, including up to four times per day.

26. In some of the telephone calls that Plaintiff did not answer, Defendant would leave voicemails.

27. In one instance, Defendant threatened Plaintiff into making a payment on the subject debt by threatening to reach out to his neighbors, his family, and his workplace.

28. Specifically, Defendant's voicemail stated, in part:

> "…before we sell you off to third party collections, we are going to reach out to your neighbors, you family, your workplace, wherever it may be to get ahold of you…"

3

29. Despite Plaintiff's requests that the calls cease, Defendant continued placing harassing collection calls to Plaintiff's cellular phone from various telephone numbers, including, but not limited to: (514) 887-2817, (514) 887-2850, and (514) 887-2808.

30. In total, Defendant placed no less than 83 harassing phone calls, including pre-recorded messages to Plaintiff after Plaintiff initially requested that Defendant cease contact with him.

## DAMAGES

31. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

32. Defendant's harassing calls have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

33. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

## CLAIMS FOR RELIEF

### COUNT I
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

36. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

37. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

38. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 80 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

39. As pled above, Plaintiff revoked consent to be called on his cellular phone.

40. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

41. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

42. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

43. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

44. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

45. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, JONOTHAN T. TOLLISON, requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation to Plaintiff for each such violation;

C. an award of treble damages of up to $1,500.00 for each and every violation to Plaintiff for each such violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

46. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Tex. Fin. Code Ann § 392.302**

47. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

  (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

  48. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls and to Plaintiff after Plaintiff requested that Defendant cease all contact with Plaintiff.

  49. Defendant's continuous phone calls were made with intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject debt.

  50. Moreover, Defendant violated Tex. Fin. Code Ann. § 392.302 by threatening to contact Plaintiff's neighbors, family, and his workplace.

  51. As alleged above, Plaintiff was harmed by Defendant's conduct.

  52. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) to Tex. Fin. Code Ann. § 392.403, which provides:

 (a) A person may sue for:

  (1) injunctive relief to prevent or restrain a violation of this chapter; and

  (2) actual damages sustained as a result of a violation of this chapter.

 (b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

  53. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE,** Plaintiff requests the following relief:

A.      a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.      an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.      an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.      an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: January 13, 2022

Respectfully submitted,

**JONATHON T. TOLLISON**

By: /s/ *Marwan R. Daher*

Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com